IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GLADYS BERRY,

                          Plaintiff,

          vs.

GGNSC SCOTTSBLUFF, LLC, a Nebraska
Limited Liability Company;

                          Defendant.

4:14CV3208

**MEMORANDUM AND ORDER**

The defendant has filed a motion to compel arbitration.  (Filing No. 11).  The plaintiff has not responded to the motion, and the deadline for responding has passed.  The motion is deemed fully submitted.  For the reasons stated below, the motion will be granted.

## STATEMENT OF FACTS

In January of 2014, the plaintiff was admitted to Defendant's facility.  As part of the admission paperwork, the plaintiff, along with her family members, reviewed an optional Alternative Dispute Resolution Agreement ( "ADR Agreement").  The plaintiff, Gladys Berry, stated she understood the ADR Agreement and, with the approval of her family, she signed it. (Filing No. 12-1, at CM/ECF pp. 1-2).

The ADR Agreement states:

The Parties agree that any disputes covered by this Agreement ("Covered Disputes") that may arise between them shall be resolved exclusively by an ADR process that shall include mediation and, where mediation is not successful, binding arbitration. . . .

. . . .

**THE PARTIES UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT THEY ARE SELECTING A METHOD OF RESOLVING DISPUTES WITHOUT RESORTING TO LAWSUITS OR THE COURTS, AND THAT BY ENTERING INTO THIS AGREEMENT, THEY ARE GIVING UP THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED IN A COURT OF LAW BY A JUDGE OR JURY, THE OPPORTUNITY TO PRESENT THEIR CLAIMS AS A CLASS ACTION**

**AND/OR TO APPEAL ANY DECISION OR AWARD OF DAMAGES RESULTING FROM THE ADR PROCESS EXCEPT AS PROVIDED HEREIN.**

. . . .

This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where Facility is located.

(Filing No. 12-1, at CM/ECF pp. 3-4) (emphasis in original).

## ANALYSIS

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." AT & T Technologies, 475 U.S. at 648; see also Churchhill Environmental and Indus. Equity Partners, L.P. v Ernst & Young, L.L.P., 643 N.W.2d 333, 336 (Minn. Ct. App. 2002)(citing AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, 242 F.3d 780, 782 (8th Cir. 2001)).  Unless the parties have agreed to submit the arbitrability question itself to arbitration, (First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)), the court must first decide whether a valid agreement to arbitrate exists.  If so, the court must then determine if the parties' dispute falls within the scope of the arbitration agreement.  AT & T Technologies, 475 U.S. at 649; Lipton-U.City, LLC v. Shurgard Storage Centers, Inc., 454 F.3d 934, 937 (8th Cir. 2006); Teamsters Local Union No. 688 v. Industrial Wire Products, Inc., 186 F.3d 878, 881 (8th Cir. 1999).  "[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes--but only those disputes--that the parties have agreed to submit to arbitration."  First Options, 514 U.S. at 943 (1995).  The Federal Arbitration Act, as a matter of federal law, requires that any doubts concerning the scope of arbitrable issues be resolved in favor of arbitration.  Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983); Teamsters Local Union No. 688, 186 F.3d at 881 ("[W]hen an arbitration clause exists in a contract, there is a presumption of arbitrability unless it is clear that the arbitration clause is not susceptible of an interpretation that covers the dispute.").

At the time of her admission into the defendant's facility, the plaintiff read and signed the ADR Agreement.  There is no evidence she was incompetent or was coerced to do so.  The ADR Agreement is an enforceable contract.  See, e.g., Webb v. American Employers Group, 268 Neb. 473, 480, 684 N.W.2d 33, 40 (Neb. 2004).  The plaintiff's pending lawsuit alleges she sustained personal injuries due to negligent care provided by the defendant and its employees.  Therefore, the complaint alleges a legally cognizable "dispute[] arising out of . . . the [plaintiff's] stay" at Defendant's facility, and is within the scope of the parties' ADR Agreement.  (Filing No. 12-1, at CM/ECF p. 4).    Under the terms of that agreement, the parties' current dispute "shall be resolved exclusively by an ADR process that shall include mediation and, where mediation is not successful, binding arbitration. . . ." (Filing No. 12-1, at CM/ECF p. 3).

The parties' ADR Agreement is an enforceable contract requiring them to mediate or, failing that, arbitrate the claims raised in the plaintiff's lawsuit.

Accordingly,

IT IS ORDERED:

1)      The defendant's motion to compel arbitration, (Filing No. 11), is granted.

2)      This case is stayed pending the outcome of arbitration.

3)      The clerk of the court is directed to close this case for statistical purposes; and

4)      The parties shall each file a status report, not less than once every six months, regarding the progress of their arbitration.

December 8, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.